IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01707-BNB

MONA ELHELBAWY,

     Plaintiff,

v.

PENNY S. PRITZKER, Secretary, U.S. Department of Commerce, and
THOMAS E. PEREZ, Secretary, U.S. Department of Labor,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Mona ElHelbawy, has filed *pro se* a Title VII Complaint (ECF No. 1). The court must construe the Title VII Complaint liberally because Ms. Elhelbawy is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Ms. Elhelbawy will be ordered to file an amended complaint.

The court has reviewed the Title VII Complaint and finds that the Title VII Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Elhelbawy fails to provide a short and plain statement of her claims showing she is entitled to relief.  It is not clear what specific claims she is asserting and she fails to allege specific facts in support of her claims.  Ms. Elhelbawy alleges that she was terminated from her federal employment with the Department of Commerce in November 2012, and she indicates in the Title VII Complaint that she was discriminated against because of her race, religion, national origin, and disability.  (*See* ECF No. 1 at 4.)  However, Ms. Elhelbawy fails to allege specific facts in support of her claims of discrimination in the Title VII Complaint and the exhibits attached to the Title VII Complaint also do not provide a short and plain statement of the employment discrimination claims being asserted.  In short, Ms. Elhelbawy fails to allege specific facts that demonstrate she was terminated from her employment or otherwise discriminated against because of her race, religion, national origin, or disability.

Ms. Elhelbawy also indicates that she is asserting claims pursuant to a number of other federal laws, including the Whistleblower Protection Act, the Fair Labor Standards

Act, the Privacy Act, and the Family Medical Leave Act, without providing specific factual allegations to support whatever claims she may be asserting pursuant to those federal laws.  Finally, Ms. Elhelbawy fails to allege facts in support of the federal workers' compensation claim she indicates she is asserting in this action.  It also is not clear whether Ms. Elhelbawy properly may pursue a federal workers' compensation claim in one action with her employment discrimination claims.

For these reasons Ms. Elhelbawy must file an amended complaint if she wishes to pursue any claims in this action.  Ms. Elhelbawy must identify, clearly and concisely, the specific claims she is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Ms. Elhelbawy file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Ms. ElHelbawy shall obtain the court-approved

3

pleading form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Elhelbawy fails to file an amended complaint

that complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED June 26, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge